**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff-Respondent, | § |
| | § |
| | § |
| VS. | §   CRIMINAL NO. H-07-509-1 |
| | § |
| DELIS YUVINE REYES, | § |
| | § |
| Defendant-Petitioner. | § |
| | § |
| | § |
| CIVIL ACTION H-10-175 | § |

**MEMORANDUM AND OPINION**

Delis Yuvine Reyes pleaded guilty in 2008 to an indictment charging him with conspiracy to transport undocumented aliens. As part of his written plea agreement, Reyes waived his right to appeal the sentence or to contest the conviction or sentence through postconviction proceedings. Reyes did not appeal, and the conviction became final on April 13, 2009. Within a year, Reyes filed a skeleton motion under 28 U.S.C. § 2241, alleging only that this court and the government were "in violation of law and ethics in this matter." Reyes was directed by the magistrate judge to file a motion specifying the basis of his claims before May 6, 2010. He did so, within the deadline set by the magistrate judge but more than one year after his conviction became final. Reyes alleges that the charges against him were unfounded and unsupported by sufficient proof and that he received ineffective assistance of counsel, making his guilty plea and the waiver of appellate and related rights invalid. The government asserts that, assuming equitable tolling applies to save his § 2255 motion from the limitations bar, the waiver is enforceable, counsel provided effective representation,

and there is no basis for relief. The government has submitted an affidavit of counsel. Reyes responds by arguing that the term "alien" in 8 U.S.C. § 1324 is unconstitutional, that his counsel was per se ineffective in failing to file a notice of appeal, and that discovery and an evidentiary hearing are required.

Based on the record and the applicable law, this court concludes that as a matter of law, Reyes cannot show a basis for the relief he seeks. His motion under § 2255 is dismissed, with prejudice. The reasons are set out below.

I.      **Background**

Reyes pleaded guilty and entered into a written plea agreement. That agreement is part of the record. Although the rearraignment has not been transcribed, this court's unwavering practice is to comply with Rule 11 of the Federal Rules of Criminal Procedure through a detailed and specific colloquy that includes admonishments on the consequences of pleading guilty and of waiving appellate and collateral-challenge rights. The rearraignment included Reyes's own statements, under oath, that he was satisfied with his counsel's representation; that he had no need for further consultation with counsel; and that he fully understood the plea consequences and plea agreement. The rearraignment included Reyes's statements, under oath, that his plea was knowingly and voluntarily made. As part of the rearraignment, Reyes admitted the truth of the detailed and specific factual basis for his plea. The factual basis described in detail his role in operating Transportes United. During 2006 and 2007, drivers for the vans owned and operated by Reyes were stopped by law enforcement and found to contain approximately 50 illegal-alien passengers. The drivers admitted their own knowledge, and that of Reyes, about the illegal status of the passengers. In October 2007, ICE agents saw Reyes drive a van registered to his company to pick up passengers

who were illegal aliens. A codefendant, William Reyes Matamoros — Reyes's cousin — cooperated and told ICE agents that the business of the company was to transport illegal aliens, usually from Honduras, El Salvador, and Mexico. A primary source of business was from alien smugglers, who Reyes paid a commission that was added to the fees charged the aliens whom Reyes transported. Reyes heard a detailed account of his involvement in, and knowledge about, this illegal transportation scheme. He admitted to its truth, in writing and in court, under oath.

The plea agreement included a waiver of appellate and collateral-challenge rights. Reyes acknowledged his understanding of these waivers. This court specifically admonished him on the effect of the waivers, and Reyes said he understood.

## II.     Analysis

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady,* 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§ ] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.; see also Massaro v. United States,* 538 U.S. 500, 504 (2003); *Frady,* 456 U.S. at 166; *United States v. Lopez,* 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Kallestad,* 236 F.3d 225, 227 (5th Cir. 2000).

Reyes is proceeding *pro se*. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines*

*v. Kerner,* 404 U.S. 519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts to support their claims. *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992) *(per curiam)* (citing *United States v. Auten,* 632 F.2d 478 (5th Cir. 1980)). The record in this case is adequate to dispose of Defendant's claims fully and fairly. Therefore, an evidentiary hearing is not necessary.

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all petitions or motions for collateral relief under 28 U.S.C. § 2255 filed after April 24, 1996 are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The limitations period expired on April 13, 2010, one year from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The skeletal motion filed in January 2010 was not a sufficient basis to toll the one-year filing deadline because it was not a valid motion under § 2255. Reyes's more specific April 16, 2010 motion did not relate back to the earlier skeletal filing under Rule 15 of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005); *United States v. Gonzalez*, 592 F.3d 675, 678 (5th Cir. 2009).

The government recognizes that the time-bar is subject to equitable tolling in rare circumstances. *See Holland v. Florida*, 130 S. Ct. 2549 (2010); *United States v. Petty,* 530 F.3d 361, 365 (5th Cir. 2008) (quoting *Lawrence v. Florida,* 549 U.S. 327, 336 (2007)). The Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell,* 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The movant's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely motion and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2003) (noting that a movant's ignorance or mistake is insufficient to warrant equitable tolling). But in this case, the Magistrate Judge's order appeared to invite Reyes to file his § 2255 motion by May 6, 2010. In apparent reliance on this deadline, Reyes signed the motion on April 16, 2010, three days after the deadline. The government "does not contest that these circumstances are 'sufficiently rare and extraordinary' to justify equitable tolling," (Docket Entry No. 87, p. 9), because Reyes was misled into missing the deadline.

Accordingly, Reyes's contentions are examined on the merits.

### B. Waiver and Ineffective Assistance

A defendant may waive his right to appellate review and to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. *See United States v. White,* 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994)); *see also United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000). For such a waiver to be knowing and voluntary, the defendant must know that he had a right to seek appellate and collateral review

and that he was giving up that right. *See United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994) (discussing waiver of appellate rights). A claim of ineffective assistance of counsel may survive a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." *White,* 307 F.3d at 343. As long as the plea and the waiver themselves were knowing and voluntary and the contested issue is the proper subject of a waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *White,* 307 F.3d at 343–44.

In open court and in the written plea agreement, under oath, Reyes stated that he fully understood the waiver of his right to bring an appeal and waived postconviction motions at the time the plea was accepted. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). This court found the plea to be knowing, voluntary, and informed. Because Reyes voluntarily waived his § 2255 rights, his claim of ineffective assistance of counsel based on his attorney's failure to file an appeal fails. *See Smith,* 907 F.2d at 585 n.6.

The ineffective-assistance-of-counsel claims in this case do not provide a basis to invalidate the waiver. The standard for judging the performance of counsel set out in *Strickland v. Washington,* 466 U.S. 668 (1984), requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Strickland,* 466 U.S. at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. On

federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson,* 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland,* 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. *Strickland,* 466 U.S. at 689; *Neal v. Puckett,* 286 F.3d 230, 236–37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 701 (2002) (citing *Strickland,* 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland,* 466 U.S. at 689.

The second prong of the *Strickland* test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins,* 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland,* 466 U.S. at 687). "[T]he defendant must show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.'" *United States v. Baptiste*, 2007 WL 925894, at *3 (E.D. La. Mar. 26, 2007)(quoting *Strickland,* 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." *Id.* A defendant must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland,* 466 U.S. at 697. A court

7

deciding an ineffective assistance of counsel claim is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id*. In *Hill v. Lockhart,* the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58 (1985). With respect to the prejudice prong of *Strickland,* the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart,* 474 U.S. at 59).

Reyes's complaints about his attorney's performance are contradicted by the record. The affidavit of counsel shows the extent and nature of his investigation and preparation and the counseling and advice he provided Reyes. When added to Reyes's own statements about his satisfaction with his counsel's representation and his knowledge of and understanding of the plea agreement and its terms, it is clear that, as a matter of law, the ineffective assistance of counsel allegations are wholly unsupported. Under *Strickland,* a defendant "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted), *cited in United States v. Goodley,* 183 F. App'x 419, 422–23 (5th Cir. 2006). Reyes has failed to meet this burden. His ineffective assistance of counsel claims fail as a matter of law.

### C.     The Remaining Arguments

Reyes's arguments in response to the government's reply focus on the alleged unconstitutionality of the statutory term "alien." Courts have reviewed the statutory language in

different contexts and found it sufficient. *See, e.g., United States v. Dominquez*, 661 F.3d 1051 (11th Cir. 2011); *United States v. Lopez*, 590 F.3d 1238 (11th Cir. 2009).

Reyes also raises insufficiency of the evidence, which is typically not proper in the context of a § 2255 motion. In this case, the record clearly established each element of the offense, beyond a reasonable doubt. The factual basis that Reyes swore was true and correct provides ample basis for his guilty plea and conviction.

## III. Certificate of Appealability

Because Reyes's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson,* 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson,* 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the

9

[§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336.

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the record, the court concludes that jurists of reason would conclude without debate that Reyes has not stated a valid claim for relief under § 2255. A certificate of appealability will not issue.

## IV.     Conclusion

Reyes is not entitled to relief under 28 U.S.C. § 2255. His pending § 2255 motion is denied, (Docket Entry No. 85). His motion for discovery, (Docket Entry No. 90), is denied; the motions for extension of time to respond to the government's opposition, (Docket Entries Nos. 91, 92, 96), are granted; and the motion for return of forfeited property, (Docket Entry No. 93), is denied as untimely and improperly raised. The corresponding civil action (H–10-cv-175) is dismissed with prejudice. A certificate of appealability from this decision is denied.

SIGNED on January 13, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge